IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

APS CONTRACTING, INC., et al.,

Defendants.

Civil No. 11-779-KMW

## OPINION

THIS MATTER comes before the Court by way of motion of Plaintiff Cardinal Contracting Company, LLC ("Plaintiff"), seeking final judgment by default against Defendant A.C.C. Construction, Limited Liability Company ("ACC") pursuant to FED. R. CIV. P. 55(b)(2) and leave to file an amended pleading pursuant to FED. R. CIV. P. 15(a). No opposition to the motion has been filed.  The Court has considered the submissions of the parties pursuant to FED. R. CIV. P. 78, and for the reasons set forth below, and for good cause shown, Plaintiff's motion is granted in part and denied in part.  *See* FED. R. CIV. P. 78.

## I.  Background

Plaintiff filed a Complaint against Defendants APS Contracting, Inc., Fidelity and Deposit Company of Maryland, and ACC on February 11, 2011 alleging that ACC entered into a subcontract with Plaintiff under which Plaintiff agreed to furnish a portion of the labor and material required for construction of a Combined Maintenance Facility at the Fort Dix United States Army Installation ("Fort Dix"),

1

Plaintiff performed the work required under the contract, and ACC failed to pay Plaintiff as agreed under the contract.  (Compl. ¶¶ 9-18, Doc. No. 1).  Plaintiff sets forth claims for breach of contract and violations of the Prompt Payment Act against Defendant ACC. (Compl., Doc. No. 1).  Defendant ACC was served on March 25, 2011 at the following address and service was accepted by Suezanne Zimmerman, an agent of ACC:  ACC Construction LLC, 2303 Owen Court, Toms River, NJ 08755.  (Affidavit of Service, Doc. No. 8).  Defendant ACC failed to respond to the Complaint or otherwise appear in this action.  The Clerk of Court entered Default against Defendant ACC on May 13, 2011.

## II. Motion For Final Judgment By Default

### a. Standard

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court "to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry of default as provided by Rule 55(a)."  *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006). "[B]efore granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of

2

law." *Chanel, Inc.*, 558 F. Supp. 2d at 536.  "Once a plaintiff has met the prerequisites for default judgment -- entry of default and proof of damages -- the question of whether or not to enter a default judgment is left primarily to the discretion of the district court." *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009).

Further, prior to entering default judgment against a defendant who failed to file a responsive pleading, the Court must also consider the following three factors:  (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct.  *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *see also Chanel, Inc.*, 558 F. Supp. 2d at 537.

### b. Discussion

Plaintiff seeks final judgment by default entered against Defendant ACC on its breach of contract and Prompt Payment Act claims.[1]

### i. Breach of Contract

To state a claim for breach of contract under New Jersey law, a plaintiff must allege "(1) a contract; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party performed its own contractual duties." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 210 F. Supp. 2d 552, 561 (D.N.J. 2002).

---

[1] Though each of Plaintiff's claims against Defendant ACC are state law claims, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff alleges in the Complaint that "[o]n or about December 11, 2009, ACC entered into a written contract with [Plaintiff] in which the latter agreed to furnish to the former a certain portion of the labor and material provided for in the Prime Contract" and that "ACC agreed to pay [Plaintiff] thirty days after the date of any invoice plus interest accruing on any payment not received within forty-five days." Compl. ¶¶ 15-16. Further, Plaintiff alleges that it "performed work . . . pursuant to the [contract] with ACC." *Id.* at ¶ 17. Finally, Plaintiff alleges that "ACC failed to pay [Plaintiff] at least $74,002.50 due under the [contract] within thirty days of invoice date, and more than ninety days have passed since its failure to pay." *Id.* at ¶ 18. Therefore, in its Complaint Plaintiff has set forth a cause of action for breach of contract.

### ii.   Prompt Payment Act

The New Jersey Prompt Payment Act provides that "[i]f a . . . subsubcontractor has performed in accordance with the provisions of its contract with the . . . subcontractor and the work has been accepted . . ., and the parties have not otherwise agreed in writing, the prime contractor shall pay to its subcontractor and the subcontractor shall pay to its subsubcontractor within 10 calendar days of the receipt of each periodic payment, final payment or receipt of retainage monies, the full amount received for the work of the . . . subsubcontractor based on the work completed or the services rendered under the applicable contract." N.J. Stat. Ann. §

2A:30A-2(b).  "If a payment due pursuant to the provisions of this section is not made in a timely manner, the delinquent party shall be liable for the amount of money owed under the contract, plus interest at a rate equal to the prime rate plus 1%."  N.J. Stat. Ann. § 2A:30A-2(c).  Further, "the prevailing party shall be awarded reasonable costs and attorney fees."  N.J. Stat. Ann. § 2A:30A-2(f).

Plaintiff alleges in its Complaint that "ACC was a 'Subcontractor' as defined by the Prompt Payment Act" and Plaintiff "was a 'Subsubcontractor' as defined by the Prompt Payment Act."  Compl. ¶¶ 39-40.  Further, Plaintiff alleges that "ACC . . . was statutorily obligated to pay [Plaintiff] for services rendered and materials delivered within ten calendar days of receipt of payment by [the contractor]" as required by the Prompt Payment Act.  *Id.* at ¶ 43.  Finally, Plaintiff alleges that "[i]n breach of the Prompt Payment Act, ACC has failed to pay [Plaintiff] within ten calendar days of receipt of payment by [the contractor]."  *Id.* at ¶ 44.  Therefore, in its Complaint, Plaintiff has set forth a cause of action under the Prompt Payment Act.

### iii.  *Emcasco* Factors

In addition to evaluating the Plaintiff's claims to ensure that Plaintiff has set forth legitimate causes of action against the defendant, "[p]rior to entering default judgment, the Court must also consider the following three factors:  (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has

a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct." *Chanel, Inc.*, 558 F. Supp. 2d at 537 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)). "Although these factors are generally more pertinent where the defendant appears to contest the entry of default," the factors in this case weigh in Plaintiff's favor. *Chanel, Inc. v. Gordashevsky*, No. 05-5270, 2007 U.S. Dist. LEXIS 6576, at *13 (D.N.J. Jan. 29, 2007).

As to the first factor, Plaintiff will be prejudiced if default is not granted since ACC's failure to file any responsive pleadings or otherwise appear in this matter has left Plaintiff without a recourse regarding Plaintiff's claims against ACC. The Court is unable to determine whether Defendant ACC has a meritorious defense or whether ACC's delay was the result of its own culpable misconduct since ACC failed to file any responsive pleadings in this matter or otherwise appear to explain the delay. Therefore, based on the *Emcasco* factors, Plaintiff is entitled to default judgment.

### iv.  Damages

Plaintiff seeks $74,002.50, plus interest, attorneys' fees and costs for a total of $109,767.00. When determining whether to enter judgment on default, "the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Chanel, Inc.*, 558 F. Supp. 2d at 535-36. The party seeking an entry of default must show proof of damages. *See Malik*, 661 F. Supp. 2d at 490.

Plaintiff submitted a certification of Martin Costa ("Costa"), the Controller for Plaintiff, Cardinal Contracting Company, LLC, certifying that ACC failed to pay Plaintiff $74,002.50. Costa Cert. ¶ 7. Costa further certifies that he calculated interest pursuant to the Prompt Payment Act, which provides that "the delinquent party [, ACC,] shall be liable for the amount of money owed under the contract, plus interest at a rate equal to the prime rate plus 1%." Costa Cert. ¶ 8. Costa's certification provides that the prime interest rate from January 2010 to date was 3.25%. *Id.* He therefore calculated the interest due on the unpaid amount owed by ACC at 4.25% for a total of 575 days through July 31, 2012. *Id.* Further, Costa certifies that Plaintiff has been billed a total of $30,808.00 for attorney fees in this matter. Costa Cert. ¶ 9.

The Court finds that Plaintiff's submission of the Costa certification is insufficient evidence of damages in this case because it lacks supporting documentation regarding the damages claimed. The Court therefore directs Plaintiff to submit to the Court evidence of Plaintiff's damages in the form of a supplemental affidavit with supporting documentation of each aspect of Plaintiff's claim for damages within fourteen (14) days of the date of this Opinion and its accompanying Order.

## III.  Motion to Amend

### a.    Standard

Federal Rule of Civil Procedure 15 governs amendments to

pleadings.  *See* FED. R. CIV. P. 15.  The Rule provides that leave to amend shall be freely given when justice so requires.  FED. R. CIV. P. 15(a)(2).  Thus, leave generally should be granted absent undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

However, in this case, Federal Rule of Civil Procedure 16 is implicated because a scheduling order was entered which set a deadline by which the parties could amend the pleadings or add new parties.  As such, the scheduling order controls the course of this action unless it is modified by the Court.  *See* FED. R. CIV. P. 16(d).

Federal Rule of Civil Procedure 16(b) provides that scheduling orders may be modified only upon a showing of good cause and with the judge's consent.  *See* FED. R. CIV. P. 16(b)(4).  Thus, a motion which seeks to amend the pleadings after the deadline established by a court's scheduling order should first be considered pursuant to Rule 16(b)'s good cause requirement before the court's consideration of the merits of the motion pursuant to Rule 15.  *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)("once the pretrial scheduling order's deadline for filing motions to amend the pleadings

has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading.").[1]  "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking modification of the scheduling order." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007).  "[I]f the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." *Id.* at 279-80 (citing *Pottsgrove Sch. Dist.*, 501 F. Supp. 2d at 701).  Good cause may be lacking where a party had knowledge of the potential claim at the outset of the litigation or prior to the amendment deadline, was in possession of the information which formed the basis for the potential claim prior to the deadline or where a party fails to seek an extension to the deadline.  *See Price,* 737 F. Supp. 2d at 280; *see also Stallings v. IBM Corp.*, No. 08-3121, 2009 WL 2905471, at * 16 (D.N.J. Sept. 8, 2009); *Assadourian v. Harb*, No. 06-896, 2008 WL 4056361, at *3 (D.N.J. Aug. 28, 2008).  The Third Circuit has also held that good cause may not exist where the party seeking to amend after the court's deadline did not "specif[y] what led it to decide that [additional claims] could

---

1.   In a more recent decision, although unpublished and, thus, not precedential, the Third Circuit disagreed with the assertion "that the Third Circuit has not adopted a 'good cause' requirement in determining the propriety of a motion to amend a pleading after the deadline [set by a scheduling order] has elapsed" and affirmed the magistrate judge's denial of a motion to amend for failure to satisfy Rule 16. *See Dimensional Commc'ns, Inc. v. OZ Optics, LTD.,* 148 F. App'x 82, 85 (3d Cir. 2005)(unpublished).

be pled or why information from independent sources could not have been obtained earlier."  *E. Minerals & Chems. Corp. v. Mahan*, 225 F.3d 330, 339 (3d Cir. 2000).

> **b.   Discussion**

Here, the Court finds that Plaintiff has not established good cause to amend the pleadings.  Plaintiff's motion to amend is supported by a brief which is merely a recitation of facts and legal conclusions.  Plaintiff does not address or acknowledge Rule 16 or the good cause standard in its brief, but instead relies solely on Rule 15.  Plaintiff thereby provides no explanation as to why good cause exists to allow Plaintiff to file a motion to amend the Complaint to add a new party and a new claim almost one year after the deadline for amendments to the pleadings or joinder of new parties.[2]  Though ACC did not participate, Plaintiff and the other defendants in this case had almost eight months to engage in discovery prior to the March 2012 arbitration between Plaintiff and Defendants APS Contracting, Inc. and Fidelity and Deposit Company of Maryland.[3]

Plaintiff sets forth in the statement of facts in its brief in support of its motion to amend that Kris Zimmerman ("Zimmerman"), principal of ACC, testified about certain facts at the arbitration on March 28, 2012.  (Pl. Br. in Support of Motion to Amend at p.5, Doc.

---

[2]     The Court's Scheduling Order dated June 9, 2011 set forth a deadline for amendments to the pleadings or to add new parties of August 11, 2011.  (Doc. No. 10).  Plaintiff filed its motion to amend on August 2, 2012, almost one year after the deadline as set forth in the Court's June 9, 2011 Scheduling Order expired.

[3] *See* June 9, 2011 Scheduling Order (Doc. No. 10); November 16, 2011 Scheduling Order

No. 16-3).   However, Plaintiff does not assert in its brief that Plaintiff could not have ascertained those facts prior to the August 11, 2011 deadline for amendments to pleadings or joinder of parties, in particular during the almost eight months of fact discovery that took place between June 9, 2011 and January 31, 2012.   Plaintiff further fails to explain why Plaintiff could not have learned those facts prior the deadline, from independent sources or otherwise, or at the very least why Plaintiff could not have included Zimmerman as a principal of ACC in the original Complaint.   Finally, Plaintiff fails to explain the delay between Zimmerman's testimony at the arbitration in March and filing the motion to amend in August, five months later.   Therefore, Plaintiff has not established good cause under Rule 16 to amend the Complaint after the Court's August 11, 2011 deadline and the motion to amend will therefore be denied.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's motion for entry of final judgment by default against Defendant ACC will be granted; however, the Court will reserve on the issue of damages pending the Court's receipt of a supplemental affidavit setting forth evidence of Plaintiff's damages.   Further, Plaintiff's motion to amend the Complaint will be denied.   The Court will enter an Order implementing this Opinion.

---

(Doc. No. 13).

s/ Karen M. Williams

KAREN M. WILLIAMS
United States Magistrate Judge

cc:  Hon. Joseph H. Rodriguez