IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>APS CONTRACTING, INC., et al.,<br><br>         Defendants. | Civil No. 11-779-KMW |

**OPINION**

THIS MATTER comes before the Court by way of motion of Plaintiff Cardinal Contracting Company, LLC ("Plaintiff"), seeking final judgment by default against Defendant A.C.C. Construction, Limited Liability Company ("Defendant") pursuant to Fed. R. Civ. P. 55(b)(2).  The Court granted Plaintiff's motion seeking final judgment by default against Defendant ACC on February 11, 2013, but reserved on the issue of damages because Plaintiff failed to submit sufficient evidence to the Court to prove the damages claimed.  (Doc. No. 18).  The Court ordered Plaintiff to file an affidavit supplementing Plaintiff's submissions regarding damages sought from Defendant ACC within fourteen (14) days of the date of this Order. *Id.*  Plaintiff submitted a Declaration of Sean E. Regan, Esquire on February 22, 2013 attaching a billing summary evidencing a total of $34,313.50 in attorney's fees and costs accrued by Plaintiff and an Affidavit of Martin Costa on April 16, 2013 attaching invoices and checks evidencing an unpaid balance of $74,002.50 due to Plaintiff

1

from Defendant and a chart displaying the prime rates from 2001 to 2012. *See* Decl. of Sean E. Regan, Esquire ("Regan Decl.") (Doc. No. 19), Aff. of Martin Costa ("Costa Aff.") (Doc. No. 20-1).

## I. Background

Plaintiff filed a Complaint against Defendants APS Contracting, Inc., Fidelity and Deposit Company of Maryland, and ACC on February 11, 2011 alleging that ACC entered into a subcontract with Plaintiff under which Plaintiff agreed to furnish a portion of the labor and material required for construction of a Combined Maintenance Facility at the Fort Dix United States Army Installation ("Fort Dix"), Plaintiff performed the work required under the contract, and ACC failed to pay Plaintiff as agreed under the contract. (Compl. ¶¶ 9-18, Doc. No. 1). Plaintiff sets forth claims for breach of contract and violations of the Prompt Payment Act against Defendant ACC. (Compl., Doc. No. 1). Defendant ACC was served on March 25, 2011 at the following address and service was accepted by Suezanne Zimmerman, an agent of ACC: ACC Construction LLC, 2303 Owen Court, Toms River, NJ 08755. (Affidavit of Service, Doc. No. 8). Defendant ACC failed to respond to the Complaint or otherwise appear in this action. The Clerk of Court entered Default against Defendant ACC on May 13, 2011. The Court granted Plaintiff's motion for final judgment by default, but reserved on damages.

## II. Analysis

### a. Legal Standard – Damages on Motion for Default Judgement

2

When entering a default judgment, "the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). The Plaintiff must show proof of the amount of damages "to a reasonable degree of certainty." *JPMorgan Chase Bank, N.A. v. Candor Constr. Grp., Inc.,* Civ. No. 08-3836, 2010 WL 3210521, at *1 (D.N.J. Aug. 12, 2010) (quoting *Video Pipeline, Inc. v. Buena Vista Home Entm't Inc.,* 275 F. Supp. 2d 543, 566 (D.N.J. 2003)).

      **b. Damages Recoverable Pursuant To Plaintiff's Claims Against Defendant**

The Court granted Plaintiff's motion for final judgment by default on Plaintiff's claims for breach of contract and violation of the New Jersey Prompt Payment Act. Plaintiff seeks the following damages: $74,002.50 in damages representing the unpaid balance for work performed by Plaintiff; plus $4,956.60 in interest; and $34,313.50 in attorney's fees and costs.

      **i. Breach of Contract**

Under New Jersey law, a party may recover damages from a breach of contract if the damages arose "naturally," and they were a "reasonably certain consequence of the breach." *Donovan v. Bachstadt*, 453 A.2d 160, 166 (N.J. 1982) (citing *Kozlowski v. Kozlowski*, 403 A.2d 902 (N.J. 1979)). The plaintiff must show enough evidence to allow the trier of fact to determine a "fair and reasonable estimate." *RNC Sys., Inc. v. Modern Tech. Grp., Inc.*, 861 F. Supp. 2d

3

436, 457 (D.N.J. 2012) (quoting *Caldwell v. Haynes*, 643 A.2d 564, 571 (N.J. 1994)). Therefore, Plaintiff is entitled to the outstanding amount due to Plaintiff under the contract under its breach of contract claim.

### ii. Prompt Payment Act

The New Jersey Prompt Payment Act provides that "[i]f a . . . subsubcontractor has performed in accordance with the provisions of its contract with the . . . subcontractor and the work has been accepted . . . and the parties have not otherwise agreed in writing, the prime contractor shall pay to its subcontractor and the subcontractor shall pay to its subsubcontractor within 10 calendar days of the receipt of each . . . payment, . . . the full amount received for the work of the . . . subsubcontractor based on the work completed or the services rendered under the applicable contract." N.J. Stat. Ann. § 2A: 30A-2(b). "If a payment due pursuant to the provisions of this section is not made in a timely manner, the delinquent party shall be liable for the amount of money owed under the contract, plus interest at a rate equal to the prime rate plus 1%." N.J. Stat. Ann. § 2A: 30A-2(c). Additionally, "the prevailing party shall be awarded reasonable costs and attorney fees." N.J. Stat. Ann. § 2A: 30A-2(b), (f). Therefore, Plaintiff is entitled to the outstanding amount due to Plaintiff under the contract, interest, and attorney's fees and costs under its New Jersey Prompt Payment Act claim.

### c. **Plaintiff's Damages**

4

### i. Unpaid Balance For Work Performed

Plaintiff has submitted an affidavit of Martin Costa, the Controller for Plaintiff, attaching invoices and checks showing the money owed to Plaintiff by Defendant. Costa Aff. ¶ 7-11 (Doc. No. 20-1). Evidence of the amount of damages is sufficient when a plaintiff submits invoices and checks proving the defendant's unpaid balance. *See, e.g.*, *JPMorgan Chase Bank, N.A.*, 2010 WL 3210521, at *2-3 (Director of Construction for plaintiff testified and showed invoice spreadsheets displaying unpaid balances and payments plaintiff made on behalf of defendant); *Imperial Constr. Grp., Inc. v. Jocanz Inc.*, Civ. No. 06-709, 2008 WL 2966794, at *4-6 (D.N.J. July 31, 2008) (plaintiff showed evidence of damages by submitting checks plaintiff paid on behalf of defendant and unpaid invoices sent to defendant). The evidence shows that Plaintiff sent Defendant an invoice for $185,752.50 on December 22, 2009, and another invoice for $3,250.00 on April 23, 2010, for a total of $189,002.50 Defendant owed to Plaintiff. Costa Aff. Ex. A. (Doc. No. 20-1). Defendant paid Plaintiff $80,000 on March 16, 2010 and $35,000 on March 22, 2010 through two checks, for a total of $115,000.00 paid, leaving $74,002.50 outstanding. Costa Aff. Ex. A. (Doc. No. 20-1). Therefore, Plaintiff has shown sufficient evidence that Defendant owes $74,002.50 to Plaintiff for the work Plaintiff performed under the subcontract with Defendant. Costa Aff. Ex. A-B. (Doc. No. 20-1).

### ii. Interest

The New Jersey Prompt Payment Act provides that the interest rate for late payments is prime rate plus 1%.  When the prime rate is "easily ascertainable from financial publications," the Court may "take judicial notice of the applicable rate."  *Rankin v. DeSarno*, 89 F.3d 1123, 1134 n.11 (3d Cir. 1996), *overruled on other grounds*. "'Prime rate' means the average predominant prime rate, as determined by the Board of Governors of the Federal Reserve System, quoted by commercial banks to large businesses . . . ." N.J. Stat. Ann. § 54:48-2. Plaintiff submitted evidence that the prime rate during the applicable time period is 3.25%, by way of a chart of prime rates from Cyprus Credit Union quoted by the Wall Street Journal.  Costa Aff. ¶ 9, Ex. C (Doc. No. 20-1).

According to the agreement between Plaintiff and Defendant, Defendant agreed to pay Plaintiff "thirty days after the date of any invoice plus interest accruing on any payment not received within forty-five days."  Costa Aff. ¶ 5 (Doc. No. 20-1).  Therefore, interest must be calculated beginning February 5, 2010, forty-five days after the invoice issued by Plaintiff, which was dated December 22, 2010. Costa Aff. Ex. B (Doc. No. 20-1).  The interest rate of 4.25%[1] multiplied by the unpaid balance of $74,002.50, divided by 365 days, is $8.62 per day.  The number of days from February 5, 2010 to July 10, 2013 is 1251, multiplied by $8.62, is a total of $10,783.62.

### iii. Attorney's Fees

---

[1] The applicable interest rate is the prime rate plus 1% pursuant to the New

Plaintiff is entitled to "reasonable costs and attorney fees" under the New Jersey Prompt Pay Act.  § 2A: 30A-2(f).  The Court has the discretion to determine whether an amount of requested attorney's fees is reasonable.  *Spectrum Produce Distrib., Inc. v. Fresh Mktg., Inc.*, Civ. No. 11-06368, 2012 WL 2369367, at *3 (D.N.J. June 20, 2012).  "To the extent the affidavit leaves any doubt as to the amount of fees to be awarded, these doubts shall be resolved against an award of fees."  *Veneziano v. Long Island Pipe Fabrication & Supply Corp.*, 238 F. Supp. 2d 683, 695 (D.N.J. 2002).

Calculation of the "lodestar amount" is an appropriate method of determining whether a requested amount of attorney's fees is reasonable.  *See Spectrum Produce Distrib., Inc.*, 2012 WL 2369367, at *3; *see also Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 441 (N.J. 2009).  "The lodestar is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Spectrum Produce Distrib., Inc.*, 2012 WL 2369367, at *3 (quoting *Hensley v. Eckerhart,* 461 U.S. 424 (1983)).  The party seeking damages must provide evidence of a reasonable hourly rate "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).  The party seeking damages must also provide evidence that the amount of time spent on the matter was reasonable.  *Spectrum Produce Distrib., Inc.*, 2012 WL 2369367, at *5.

---

Jersey Prompt Payment Act.  N.J. Stat. Ann. § 2A:30A-2(c).

7

"A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys.'" *Teamsters Health & Welfare Fund of Philadelphia and Vicinity v. Dubin Paper Co.*, Civil No. 11-7137, 2012 WL 3018062, at *5 (D.N.J. July 24, 2012) (quoting *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001)). The Court must use its discretion to determine whether the hours billed were "excessive, redundant, or otherwise unnecessary." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (quoting *Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)).

  Here, Plaintiff submitted evidence of attorney's fees by way of a Declaration of Sean E. Regan, Esq. certifying that Plaintiff has incurred $34,313.50 in attorney's fees and costs, with rates of approximately $200 per hour and $300 per hour. Regan Decl. ¶ 11, (Doc. No. 19); *see also* Costa Aff. ¶ 10 (Doc. No. 20-1). Plaintiff also submitted billing summaries with the dates of each invoice, the total billed on each invoice, Plaintiff's payments, and costs incurred. Regan Decl., 5-7 (Doc. No. 19). Plaintiff's counsel has certified that the billing rates are reasonable and customary in Monmouth County, New Jersey where Plaintiff's counsel is located. Regan Decl. ¶ 11 (Doc. No. 19). However, Plaintiff fails to describe the activities and hours spent on the matter. Plaintiff does not provide the Court with a breakdown of how many hours were spent on each activity, nor

does Plaintiff even provide the Court with general descriptions of the work performed by Plaintiff's attorneys.  Therefore, the Court is unable to use its discretion to determine whether the hours spent were reasonable.  For example, the Court is unsure whether Plaintiff seeks attorney's fees for the time Plaintiff's attorneys spent pursuing its claims against the other Defendants, APS Contracting Company and Fidelity & Deposit Co. of Maryland, who ultimately prevailed during arbitration.  Additionally, Plaintiff did not describe each attorney's experience or set forth evidence to show that the hourly rates for each attorney were appropriate.  Because Plaintiff's affidavit and supporting documentation leave doubt as to the reasonableness of the attorney's fees sought, the Court is unable to award an amount of attorney's fees at this time.  Therefore, Plaintiff's request for attorney's fees is denied without prejudice. Plaintiff may submit an application for attorney's fees within twenty-one days of the date of this Opinion and accompanying Order and Judgment in accordance with applicable case law and Rules of Court.

**IV. Conclusion**

Based on the foregoing, and based on the Court's Order dated February 11, 2013 granting default judgment to the Plaintiff on Plaintiff's breach of contract and violation of the New Jersey Prompt Payment Act claims, the Court will enter judgment in Plaintiff's favor against Defendant A.C.C. Construction, Limited Liability Company in

the amount of $84,786.12.  An Order and Judgment consistent with this Opinion will be entered.

                                                    s/ Karen M. Williams

                                                    KAREN M. WILLIAMS
                                                    United States Magistrate Judge

Dated:  July 10, 2013